## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| COVENANT HEALTH, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>NES MEDICAL SERVICES OF NEW ENGLAND, INC.,<br><br>     Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

Covenant Health, Inc. ("Covenant"), for its Complaint against NES Medical Services of New England, Inc. ("NES"), states as follows:

### PARTIES AND JURISDICTION

1. Covenant is a nonprofit corporation organized under the laws of Massachusetts with its principal place of business in Massachusetts.

2. NES is a business corporation organized and incorporated under the laws of Maine, with its principal place of business in California.

3. NES is subject to the general jurisdiction of this Court because NES is organized and incorporated under the laws of Maine.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Covenant and NES are citizens of different states, and because the amount in controversy exceeds $75,000.

## RELEVANT FACTS

5.      Covenant and NES executed an Exclusive Hospitalist Services Agreement (the "Contract") effective January 1, 2022.

6.      Under the Contract, Covenant agreed to lease certain physicians ("Providers") employed by Covenant to NES.

7.      In September of 2023, the Parties executed an amendment (the "Second Amendment") to the Contract. A true and correct copy of the Second Amendment is attached as **Exhibit A**.

8.      Per the terms of the Second Amendment, a third-party billing company known as Probill was to "provide to Covenant all fees collected for Services rendered by Providers consistent with the foregoing during the term of this Agreement and for a period of nine (9) months after the termination of this Agreement." Exh. A, § 3.

9.      The Second Amendment also states that Probill would "bill third party payors for all Provider (Physician and APP) services and pass cash collected for dates of service beginning on the Effective Date of this Second Amendment to Covenant on a weekly basis. Probill will provide to Covenant all fees collected for Services rendered by Providers consistent with the foregoing during the term of this Agreement and for a period of nine (9) months after the termination of this Agreement." Exh. A, § 6.

10.     In essence, NES agreed that its billing service provider would remit to Covenant the fees collected for the work performed by the Providers leased to NES by Covenant.

11.     Nonetheless, NES failed to make the payments required by the Second Amendment.

12.     In January of 2024, Covenant contacted NES seeking a payment and an accounting of moneys due to Covenant under the Second Amendment.

13.     In an email dated March 11, 2024, NES provided an accounting of the fees owed to Covenant and promised to make monthly payments of $225,000 to Covenant.

14.     NES made one such payment of $225,000 later in March of 2024, but has yet to make any further payments.

15.     In September of 2024, Covenant again demanded payment via letter to Nicole Bergen, the COO of NES.

16.     Covenant informed NES that, as of September 11, 2024, the total amount due and owing to Covenant under the Second Amendment was $1,880,925.16.

17.     NES has yet to respond to Covenant and has made no payments against the stated balance.

18.     On information and belief, since September 11, 2024 NES and/or its servicer Probill have continued to collect fees that, under the Second Amendment, NES is obligated to remit to Covenant.

## COUNT I: Breach of Contract

19.     Covenant incorporates and re-alleges the foregoing paragraphs as if fully set forth herein.

20.     The Contract and the Second Amendment thereto constitute a valid and enforceable contract.

21.     Pursuant to the Contract and the Second Amendment, NES is obligated to remit to Covenant certain fees collected by NES.

22.     Despite having acknowledged the funds it owes to Covenant and agreeing to make monthly payments against the outstanding balance, NES has failed to fulfill its contractual obligations.

23.     NES has therefore breached the Contract and the Second Amendment.

24.     NES' breach has proximately caused damages to Covenant in the form of withheld payments.

**WHEREFORE**, Covenant Health Inc. respectfully requests an order entering judgment in its favor and against NES Medical Services of New England, Inc. and awarding damages in an amount to be proved at trial, but in no event less than $1,880,925.16, in addition to accruing amounts due, interest, attorneys fees, and costs, and any other relief deemed appropriate under the circumstances.

## <u>JURY DEMAND</u>

Covenant Health Inc. demands a trial by jury on all issues so triable.

Respectfully submitted,

**COVENANT HEALTH, INC**.

*/s/ W. Scott O'Connell*
W. Scott O'Connell (Maine Bar No. 008500)
HOLLAND & KNIGHT LLP
10 St. James Street, 11th Floor
Boston, MA 02116
Tel: (617) 573-5860
Scott.OConnell@hklaw.com